IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CR-25-498-D |
| WAHID RAUF OMAR HARTFIELD, | ) ) ) |
| Defendant. | ) |

## **ORDER**

Before the Court is the Unopposed Motion to Continue Jury Trial and Extend the Pretrial Motion Deadline [Doc. No. 17]. Defendant seeks a continuance of his trial from the February 10, 2026, to the March 10, 2026, trial docket. Defendant submitted a Waiver of Right to Speedy Trial [Doc. No. 17-1], acknowledging his rights under the Speedy Trial Act, 18 U.S.C. §§ 3161-74, and waiving those rights for the period of delay.

Upon consideration of the motion and the case record, the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A); *see also United States v. Toombs*, 574 F.3d 1262, 1272-73 (10th Cir. 2009). Specifically, accepting the representations of counsel, the Court finds for the reasons fully set forth in the motion that denying Defendant's request would deprive him of a reasonable amount of time needed for effective investigation, motion practice, trial preparation, and possible negotiation of a resolution of the charges in the Indictment, taking into account the exercise of due diligence by counsel. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Also, under the circumstances, denying the

motion would likely deprive Defendant of effective representation of counsel and result in a miscarriage of justice. *See id.* § 3161(h)(7)(B)(i).

In making these findings, the Court has considered the statutory factors set forth in § 3161(h)(7)(B) and has concluded that the requested continuance is fully consistent with congressional policies and precedent. *See Bloate v. United States*, 559 U.S. 196, 214 (2010); *Toombs*, 574 F.3d at 1269. Further, no circumstance is present that would prohibit a continuance pursuant to § 3161(h)(7)(C). Therefore, the time period from February 10, 2026, to March 10, 2026, shall be excluded for purposes of the Speedy Trial Act.

**IT IS THEREFORE ORDERED** that Defendant's Unopposed Motion to Continue Jury Trial and Extend the Pretrial Motion Deadline [Doc. No. 17] is **GRANTED**. This case is stricken from the February 10, 2026, trial docket and reset on the Court's March 10, 2026, trial docket. The parties shall file all pretrial motions on or before February 17, 2026, and all other pretrial filings shall be submitted in accordance with the Court's Local Criminal Rules.

**IT IS SO ORDERED** this 2nd day of February, 2026.

TIMOTHY D. DeGIUSTI
Chief United States District Judge